1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

SHARON MANIER, TERI SPANO, and HEATHER STANFIELD, individually, on behalf of themselves, all others similarly situated, and the general public,

                                    Plaintiffs,

        vs.

MEDTECH PRODUCTS, INC., a Delaware corporation; PRESTIGE BRANDS, INC., a Delaware corporation, and DOES 1-20, inclusive, entities, business form unknown,

                                    Defendants.

CASE NO. 14cv209-GPC(NLS)

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT**

[Dkt. Nos. 4, 7.]

        Before the Court is Plaintiffs' motion to remand case to state court.  (Dkt. No. 7.)  Defendants filed an opposition on March 21, 2014.  (Dkt. No. 12.)  A reply was filed on April 4, 2014.  (Dkt. No. 14.)  Defendants also filed a motion to dismiss.  (Dkt. No. 4.)  Plaintiffs filed an opposition on March 7, 2014.  (Dkt. No. 10.)  Defendants replied on March 21, 2014.  (Dkt. No. 11.)  Based on the briefs, supporting documentation, and the applicable law, the Court GRANTS Plaintiffs' motion to remand and DENIES Defendants' motion to dismiss as MOOT.

**Background**

Plaintiffs Sharon Manier, Teri Spani and Heather Stanfield brought a putative class action case against Defendants Medtech Products, Inc. and Prestige Brands, Inc. in state court on December 31, 2013. (Dkt. No. 1, N. of Removal.) Plaintiffs allege causes of action for violation of California Consumers Legal Remedies Act, Cal. Civil Code 1750 *et seq*.; California Unfair Competition Law, Cal. Bus. & Prof. Code 17200 *et seq*.; California Business and Professions Code section 17500 *et seq.*; breach of express warranty; and breach of the implied warranty of merchantability. (Dkt. No. 1-1, Compl. at 3.) The complaint is based on the false advertising, marketing and sale of Defendants' Murine Ear Drops for Earache Relief. The tentative class is defined as: "[a]ll purchasers of Murine Ear Drops for Earache Relief in California and states in the United States with laws similar to California, for personal or household use and not for resale, from December 31, 2009 to the present." (Id. ¶ 70.)

On January 30, 2014, Defendants filed their notice of removal pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Plaintiffs seek to remand the case back to state court since Defendants have failed to demonstrate the amount in controversy exceeds $5,000,000.

**Discussion**

**A.    Motion to Remand/Amount in Controversy**

Federal courts have original jurisdiction over class actions where (1) any member of the plaintiff class is diverse from any defendant; 2) the proposed class contains 100 or more putative class members; 3) and the amount in controversy exceeds the "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d); Rodriguez v. AT & T Mobility Servs., LLC, 728 F.3d 975, 978 (9th Cir. 2013). Plaintiffs move on the third factor alleging that Defendants failed to demonstrate the $5,000,000 amount in controversy with sound evidence and facts. Defendants contend that they have met their burden to demonstrate the amount in controversy.

"A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence[1], that the aggregate amount in controversy exceeds the jurisdictional minimum. This standard conforms with a defendant's burden of proof when the plaintiff does not plead a specific amount in controversy." Rodriguez, 728 F.3d at 981; Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 683 (9th Cir. 2006). A preponderance of the evidence standard requires a defendant to "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996) (citation omitted). This burden is not "daunting," and the removing defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." McCraw v. Lyons, 863 F. Supp. 430, 434 (W.D. Ky. 1994). "Specifically, the removing defendant must establish the amount in controversy by "[t]he greater weight of the evidence, . . . [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other." Lowery v. Alabama Power Co., 483 F.3d 1184, 1209 (11th Cir. 2007) (citations omitted).

The removing defendant bears the burden of proof. Abrego Abrego, 443 F.3d at 678. The court looks at the amount in controversy at the time of the filing of the complaint and the ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

"[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). In addition to the complaint, the court considers "facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Id. (quoting Matheson v. Progressive Specialty

---

[1]In their moving papers, Plaintiffs rely on the improper "legal certainty" standard; however, in their reply, they address the "preponderance of the evidence" standard.

1  Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003)).

2        Calculations that are based on speculation and conjecture are not sufficient to

3  meet the preponderance of the evidence standard.  Fong v. Regis Corp., No. C 13-

4  04497 RS, 2014 WL 26996, at *2  (N.D. Cal. Jan. 2, 2014); see also Lowdermilk v.

5  U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1002 (9th Cir. 2007), overruled on other grounds,

6  Rodriguez v. AT & T Mobility Servs. LLC, 728 F.3d 975, 977 (9th Cir. 2013).  Rather,

7  a defendant must set forth the underlying facts supporting its assertion that the amount

8  in controversy exceeds the statutory minimum.  Gaus v. Miles, 980 F.2d 564, 567 (9th

9  Cir. 1992).  To meet this threshold, a removing defendant is required to set forth

10  underlying facts to support key variables used in their calculations.  Andersen v. The

11  Schwan Food Co., No. C 13-2362, PJH, 2013 WL 3989562, at *2 (N.D. Cal. Aug. 2,

12  2013) (citing Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir.

13  1997)).

14        Defendants maintain that the class stands to recover in excess of $5,000,000

15  based on the relief sought in the Complaint.  (Dkt. No. 1-1, Compl. at 25-26.)

16  Specifically, as to each relief sought, Defendants assert the following:

17  1.     Disgorgement and restitution of all monies made by Defendants in connection

18  with the sale of the Murine Product.  The Complaint alleges that Defendants have been

19  wrongly enriched by "millions of dollars." (Compl. ¶ 55.)  According to Defendants,

20  "millions of dollars" is at a minimum $2 million.

21  2.     Punitive damages.  Defendants calculate that in considering a conservative

22  estimate of a 1:1 ratio between compensatory and punitive damages, at a minimum, the

23  punitive damages would be $2 million.

24  3.     Attorneys' fees.  25% of the common fund can be considered as an amount in

25  controversy.  According to Defendants, since Plaintiffs seek "millions of dollars" in

26  disgorgement and in punitive damages, attorneys' fees can easily reach seven figures.

27  4.     Injunctive relief for corrective advertising campaign and recall of product. In a

28  declaration, Defendants' corporate representative states that a corrective advertising

campaign and a recall would be estimated at $1,250,000. (Dkt. No. 1-6, Cowley Decl. ¶¶ 5, 6.)  According to Defendants, the sum of minimum disgorgement, punitive damages, attorneys' fees and associated costs is at least $6,250,000. (Dkt. No. 1, Notice of Removal ¶ 29.) Plaintiffs oppose arguing that Defendants failed to meet their burden to establish the amount in controversy because they rely on speculative, incomplete and unsound evidence, and fail to set forth evidence to support their argument.

Here, the Complaint does not allege a specific amount in controversy and the "preponderance of the evidence" standard applies.  See Rodriguez, 728 F.3d at 978. The Court finds that Plaintiffs' reliance on the general allegation of "millions of dollars" as a basis for their calculation does not show by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.  In addition, while the Complaint alleges that Defendants have been wrongly "enriched" by "millions of dollars," (Dkt. No. 1-1, Compl. ¶ 55), the Complaint also asserts that consumers "are unwittingly spending hundreds of thousands of dollars each year on a worthless Product."  (Id. ¶ 38.)  The inconsistency in general allegations of "millions of dollars" and "hundreds of thousands of dollars each year" undermines Defendants' position.  Besides injunctive relief, Defendants have not come forth with any facts to support their calculations.  See Andersen, 2013 WL 3989562, at *2 (citing Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997)).

The Complaint reveals that the product costs between $6.00 - $10.00, (id. ¶¶ 23, 25, 29), and the class period ranges from September to December 2008 and through September to December 2013. (Id. ¶ 25.)  Without more, the Court cannot determine based on the general, non specific allegations in the Complaint that it is "more likely than not" that the amount in controversy exceeds $5,000,000.  See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2010) (reversing remand to state court of class action concluding here that developer carried its burden by including in its notice of removal a declaration of its parent company's chief financial officer that the developer had collected more than five million dollars in condominium unit purchase deposits

from prospective purchasers of condominium units who sought to get their deposits back).  Accordingly, the Court GRANTS Plaintiffs' motion to remand.

**B.     Attorneys' Fees and Costs**

Plaintiffs request attorneys' fees and costs for improper removal under 28 U.S.C. 1447(c).  "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Lussier v. Dollar Tree Stores, Inc.</u>, 518 F.3d 1062, 1065 (9th Cir. 2008).  "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." <u>Id.</u>  The Court concludes that there was not a lack of an objectively reasonable basis by Defendants to seek removal.  Accordingly, the Court DENIES Plaintiffs' request for attorneys' fees and costs.

## Conclusion

Based on the above, the Court GRANTS Plaintiffs' motion to remand to state court.  The Court also DENIES Plaintiffs' request for attorney's fees and costs.  Because the Court lacks subject matter jurisdiction, the Court DENIES Defendants' motion to dismiss as MOOT.  The Court vacates the hearing set for **April 25, 2014.**

IT IS SO ORDERED.

DATED:  April 22, 2014

HON. GONZALO P. CURIEL
United States District Judge