# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON MANIER, TERI SPANO, and HEATHER STANFIELD, individually, on behalf of themselves, all others similarly situated, and the general public,<br><br>                  Plaintiffs,<br>vs.<br><br>MEDTECH PRODUCTS, INC., a Delaware corporation; PRESTIGE BRANDS, INC., a Delaware corporation, and DOES 1-20, inclusive, entities, business form unknown,<br><br>                  Defendants. | CASE NO. 14cv209-GPC(NLS)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY REMAND ORDER PENDING APPEAL**<br><br>[Dkt. No. 18.] |

Before the Court is Defendants' motion to stay remand order pending appeal. (Dkt. No. 18.) Plaintiffs filed an opposition and Defendants replied. (Dkt. Nos. 20, 21.) After a review of the briefing and applicable law, the Court DENIES Defendants' motion to stay remand order pending appeal.

## Procedural Background

Plaintiffs Sharon Manier, Teri Spano and Heather Stanfield (collectively, "Plaintiffs") filed this putative class action alleging Defendants Medtech Products, Inc. and Prestige Brands, Inc. (collectively, "Defendants") falsely and/or deceptively advertised their homeopathic ear relief product, Murine Ear Drops for Earache Relief

in California in San Diego Superior Court. (Dkt. No. 1-1.) Plaintiffs allege Defendants violated the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et. seq.* ("CLRA"); the Unfair Competition Law, Cal. Bus. & Prof. Code. § 17200 *et. seq.* ("UCL"), the False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et. seq.* ("FAL"), and breached express and implied warranties of merchantability. (See Dkt. No. 1-1, Compl.)

On January 31, 2014, Defendants filed a Notice of Removal. (Dkt. No. 1.) In response, Plaintiffs filed a Motion for Remand pursuant to 28 U.S.C. § 1447(c) on February 28, 2014. (Dkt. No. 7.) On April 22, 2014, the Court granted Defendants' motion to remand. (Dkt. No. 16). This Court also certified and mailed a copy of its Order granting Plaintiffs' Motion for Remand to the San Diego Superior Court on that date. (Id.) Two weeks later, on May 1, 2014, Defendants filed a Petition for Permission to Appeal ("Petition") under 28 U.S.C. § 1453(c) with the United States Court of Appeals for the Ninth Circuit. (Dkt. No. 17.) On the same day, Defendants also filed the instant Motion to Stay Remand Order Pending Appeal. (Dkt. No. 18.)

On May 20, 2014, the Hon. Eddie C. Sturgeon of the San Diego Superior Court set a Case Management Conference in the case for December 12, 2014. (Dkt. No. 20-1, Resendes Decl. ¶ 3, Ex. A.)

## Discussion

**A. Appeal of Remand Order**

Defendants argue that the Court has jurisdiction to issue a stay of the remand order while Plaintiffs contend that the Court is without jurisdiction to entertain the instant motion since it certified and mailed a copy of its remand order to state court.

28 U.S.C. § 1447(d) provides that an order remanding a case to state court is generally not reviewable on appeal. As a result, when a remand order is issued by a district court, the district court is ordinarily divested of jurisdiction, allowing the state court to proceed with the case. 28 U.S.C. § 1447(c). Under CAFA, Congress expressly authorized federal courts of appeals to exercise their discretion to accept an appeal from a remand order under CAFA "notwithstanding section 1447(d)." 28 U.S.C. §

1453(c). This provides an exception to the general rule that remand orders are not appealable.

28 U.S.C. § 1453(c)(2) provides that "[i]f the court of appeals accepts an appeal under paragraph (2), the court shall complete all action on such appeal, including rendering judgment, not later than 60 days after the date on which such appeal was filed, unless an extension is granted under paragraph (3)." 28 U.S.C. § 1453(a)(2). The Ninth Circuit has held that an appeal pursuant to § 1453(c)(1) must comply with Federal Rule of Appellate Procedure 5 which requires that a party file a petition for permission to appeal. Amalgamated Transit Union v. Laidlaw Transit Services, Inc., 435 F.3d 1140, 1144 (9th Cir. 2006) ("[T]here is no appeal until the petition for permission is granted, and the entry of the order granting permission serves as the notice of appeal for all timing issues."). Therefore, the 60 day period begins after the petition for appeal is granted. Lewis v. Verizon Comms., Inc., 627 F.3d 395, 396 (9th Cir. 2010).

In this case, the petition for permission to appeal was filed on April 30, 2014 with a response filed on May 15, 2014. The Ninth Circuit has not yet ruled on the petition for permission to appeal and therefore, the 60 day period has not yet begun.

The Court finds that it is appropriate for the Court to address a motion to stay pending appeal of a remand order as Congress has specifically allowed these remand orders to be appealable. See Morgan v. Gay, 471 F.3d 469, 471 (3d Cir. 2006) (defendants filed petition for leave to appeal remand order as well as a motion for stay of the remand order pending appeal which was granted by the district court); Raskas v. Johnson & Johnson, Nos. 12cv2174 JCH, 12:2266 HEA, 12cv2307 CDP, 2013 WL 1818133, at *1 (E.D. Mo. 2013); Lafalier v. Cinnabar Serv. Co., Inc., No. 10cv0005-CVE-TLW, 2010 WL 1816377, at *2 (N.D. Okla. 2010). However, the Court concludes that Defendants have not demonstrated the factors to support a stay.

**B.     Motion for Stay**

When considering a motion to stay an order pending appeal, the court looks at (1) whether the movant will suffer irreparable injury without the stay; (2) whether the stay will substantially injure any other party interested in the proceeding; (3) whether the movant has made a strong showing he is likely to succeed on the merits of the appeal; and (4) where the public interest lies. See Hilton v. Braunskill, 481 U.S. 770, 776 (1987). The Ninth Circuit has applied the Hilton factors by requiring the party seeking a stay to show either "a strong likelihood of success on the merits and the possibility of irreparable harm" or that serious legal questions are raised and the "balance of hardships tips sharply in . . . favor [of the party seeking the stay]." Golden Gate Rest. Ass'n v. City & Cnty. of. San Francisco, 512 F.3d 1112, 1115–16 (9th Cir. 2008) (citations omitted). The court considers "where the public interest lies" separately from and in addition to whether the moving party will be irreparably injured. Id. at 1116.

Defendants seek a "short" stay until the Ninth Circuit decides whether to grant their petition for permission to appeal. They argue that because the statute allows a remand order to be appealable, district courts do not lose jurisdiction over cases removed under CAFA due to a ministerial act of certifying a remand order and mailing it to the state court. They argue that since the petition for permission to appeal provides for an expedited 60 day review period, a stay of the proceedings would allow the parties to avoid simultaneous expenditure of resources in the Ninth Circuit and in state court. Plaintiffs oppose arguing that the Court lacks jurisdiction to address this motion since the Remand was entered, certified and mailed to the state court. Plaintiffs also argue that a stay would prejudice them because they would be unable to prosecute their case. Moreover, any discovery conducted would be applicable either in state or federal court.

   **1.     Likely to Succeed on the Merits**

Defendants argue that the petition to appeal seeks guidance on a novel issue of

whether a plaintiff may evade CAFA by alleging in one part of the complaint damages sufficient to confer CAFA jurisdiction while inconsistently alleging damages elsewhere that are below CAFA's amount in controversy requirement. Plaintiff opposes arguing Defendants have failed to show facts that the amount in controversy exceeds the minimum amount under CAFA which cannot be based on speculative and conclusory facts.

The moving party must make a "strong showing that he is likely to success on the merits." Leiva-Perez v. Holder, 640 F.3d 962, 966-67 (9th Cir. 2011). This means that the moving party must show that it is "more likely than not that they will win on the merits." Id.

Defendants' argument on appeal that the district court impliedly found that one part of the complaint alleging "millions of dollars" satisfied the amount in controversy is not accurate. As to the amount in controversy, the remand order states:

> The Court finds that Plaintiffs' reliance on the general allegation of "millions of dollars" as a basis for their calculation does not show by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. In addition, while the Complaint alleges that Defendants have been wrongly "enriched" by "millions of dollars," (Dkt. No. 1-1, Compl. ¶ 55), the Complaint also asserts that consumers "are unwittingly spending hundreds of thousands of dollars each year on a worthless Product." (Id. ¶ 38.) The inconsistency in general allegations of "millions of dollars" and "hundreds of thousands of dollars each year" undermines Defendants' position.

(Dkt. No. 16 at 5.)

The Court did not conclude that the allegation "millions of dollars" met the amount in controversy. In fact, it concluded that such a general allegation does not demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. The Court concludes that Defendant has not demonstrated a strong likelihood of success on the merits.

**2.     Irreparable Harm**

Defendants argue that if the Ninth Circuit rules that the remand is improper, then Defendants will lose almost any chance of litigating this case in a federal forum.

1  Moreover, they will be required to litigate in both the Ninth Circuit and state court.
2  Plaintiffs argue they will suffer irreparable harm if a stay is granted because it will
3  impede the collection of information and delay resolution of the case.  They also
4  contend that Defendants will not suffer irreparable harm because if discovery reveals
5  that the federal court has jurisdiction, Defendants can remove the case.  Moreover, any
6  discovery obtained in state court would be relevant and applicable if the case was later
7  removed to federal court.

8  The parties agree that the review of an appeal of a remand order is expedited.
9  While courts have stayed remand orders explaining that the harm to plaintiffs would
10 not be great due to the expedited nature of an appellate court reviewing a remand order,
11 Lafalier, 2010 WL 181677, at 2; Raskas, 2013 WL 1818133, at 2, the opposite also
12 holds true that no irreparable harm will result since review is expedited.  Based on the
13 facts presented, Defendants have not demonstrated irreparable harm.  In this case, the
14 state court did not set a case management conference until December 12, 2014, almost
15 six months away.  As of the filing of the opposition on May 30, 2014, the parties have
16 not engaged in any meaningful discovery and no trial date has been set. (Dtk. No. 20-
17 1, Resendes Decl. ¶ 5.)  No pending motions were denied without prejudice.  See
18 Raskas, 2013 WL 1818133, at 2 (irreparable harm due to pending motions to dismiss
19 and motions to strike the class allegations that district court denied without prejudice
20 which may be refiled in state court and may lead to inconsistent outcomes).

21 Defendants have not shown that they will be required to litigate in both forums.
22 Moreover, the expedited appellate review process will limit any irreparable harm that
23 may result.

24 **3.    Public Interest**

25 Defendants assert that a stay would not harm the public interest but would
26 benefit the public by conserving judicial resources and avoiding potentially
27 unnecessary adjudication of these matters in state court.  Plaintiffs oppose arguing that
28 a stay would prevent Plaintiffs from seeking prompt redress of their claims.  As stated

above, it appears that judicial resources are not being expended in both the Ninth Circuit and state court.

## Conclusion

Based on the above, the Court DENIES Defendants' motion to stay remand order pending appeal. The hearing date set for June 27, 2014 shall be **vacated.**

IT IS SO ORDERED.

DATED: June 26, 2014

HON. GONZALO P. CURIEL
United States District Judge